## THIRD DEPARTMENT, MARCH, 1980

### (March 6, 1980)

■ In the Matter of the Estate of HARVEY SNIDE, Deceased. ROSE SNIDE, Respondent; DAVID W. JOHNSON, as Guardian ad Litem of DAVID SNIDE, Appellant.—Appeal from a decree of the Surrogate's Court of Hamilton County, entered October 27, 1978, which admitted the will of Harvey Snide to probate. On August 13, 1970, decedent mistakenly signed an instrument which was actually that of his wife Rose Snide. She likewise signed her name to an instrument bearing his name in the same mistaken belief. Both proposed wills were identical except for the names, and both were executed in front of and with assistance of a lawyer. After a hearing, Surrogate's Court reformed the will signed by Harvy Snide by substituting therein the name "Harvey" in place of "Rose" wherever the name "Rose" appeared, and, as so reformed, admitted the will to probate. The guardian ad litem of the only minor child surviving objected to the probate and now appeals. The decree must be reversed. The Surrogate's Court erroneously viewed the instant case as one of first impression because of 1966 amendments to SCPA 201. However, Surrogate's Court long had equity jurisdiction pursuant to section 40 of the Surrogate's Court Act prior to the enactment of SCPA 201. SCPA 201, therefore, does not alter the earlier New York decisions in this respect. The prior case law is clear. In the event of mutual mistake, i.e., the husband signing the wife's purported will and vice versa, even where the the wills are identical, probate is to be denied *(Nelson v McDonald,* 61 Hun 405; *Matter of Cutler,* 58 NYS2d 605; see, also, *Matter of Goettel,* 184 Misc 155, 160). Decree reversed, on the law, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur. [96 Misc 2d 513.]